Dear Mr. Skyring:
Your request for an Attorney General Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Does a Baton Rouge city court judge have the authority to force a defendant to purchase food for donation to local charities, in lieu of a monetary assessment payable to the local government?
La. R.S. 13:1899 governs the assessment and disposition of costs in criminal cases before city courts, and provides that in all criminal matters, "the city judge shall assess . . . the sum of ten dollars as additional costs of court," which must be deposited into the marshal's fund. So, in a criminal prosecution in city court, it is mandatory that the judge assess costs of at least $10.00. Section A of the same provision grants city court judges the discretion to assess regular costs of court "in an amount not to exceed thirty dollars." Further, La. R.S. 13:2002
states that, "Fines, forfeitures, costs, and penalties imposed in any criminal prosecution by the city court of Baton Rouge shall
be paid into the general fund of the city of Baton Rouge" (emphasis added). Thus, in a criminal prosecution in Baton Rouge city court, though the judge is not bound to assess regular court costs, any and all fines or penalties must be paid into the Baton Rouge general fund. This language prohibits a Baton Rouge city court judge from ordering a defendant to pay fines to any entityother than the Baton Rouge general fund.
Therefore, it is the opinion of this office that a Baton Rouge city court judge does not have the authority to order a defendant to purchase food for donation to local charities, in lieu of a monetary assessment, under La. R.S. 13:1899 and 13:2002.
I hope this opinion has adequately addressed your question. If I may be of further assistance, please do not hesitate to contact me.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ DOUGLAS W. FREESE Assistant Attorney General